Case 1:13-mc-00058-NONE Document 1 Filed 05/01/13 USDC Colorado Page 1 of 7
Case 2:13-cv-01326-LDW-GRB Document 15 Filed 04/24/13 Page 1 of 7 PageID #: 60
Case 2:13-cv-01326-LDW-GRB Document 7-1 Filed 04/05/13 Page 1 of 7 PageID #: 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, )
on behalf of its agency, the United )
States Small Business Administration )
)
Plaintiff, )
)
v. ) Civil Action No. 13-1326
)
ELK ASSOCIATES FUNDING CORP., )
)
Defendant. )
)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 24 2013 ★
LONG ISLAND OFFICE

## CONSENT ORDER APPOINTING SBA AS PERMANENT LIQUIDATING RECEIVER OF DEFENDANT ELK ASSOCIATES FUNDING CORP.

This cause came upon the Complaint of the United States of America on behalf of its agency, the United States Small Business Administration ("SBA"), for the appointment of SBA as permanent, liquidating receiver of ELK Associates Funding Corp. ("ELK"). After careful consideration,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of ELK and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("Receiver") of ELK to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of ELK's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, or principals of ELK under applicable state and

Case 1:13-mc-00058-NONE   Document 1   Filed 05/01/13   USDC Colorado   Page 2 of 7
Case 2:13-cv-01326-LDW-GRB   Document 15   Filed 04/24/13   Page 2 of 7 PageID #: 61
Case 2:13-cv-01326-LDW-GRB   Document 7-1   Filed 04/05/13   Page 2 of 7 PageID #: 23

federal law, by the Articles of Incorporation, Certificate of Incorporation., Charter and/or By-Laws of said limited corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, principals, employees, investment advisors, accountants, attorneys and other agents of ELK are hereby dismissed and their powers relating to ELK are hereby suspended. Such persons and entities shall have no authority with respect to ELK's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of ELK and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to ELK. The past and/or present officers, directors, managers, principals, management company, agents, trustees, attorneys, accountants, and employees of ELK, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to ELK and all of ELK's assets and all other assets and property of the corporation, whether real or personal. The former officers and/or managers of ELK shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of ELK, a list of all agents, employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of ELK, as well as the names, addresses and amounts of claims of all known creditors of ELK. Within thirty (30) days following the entry of this Order, the former officers and/or managers of ELK shall also furnish a written report

Case 1:13-mc-00058-NONE Document 1 Filed 05/01/13 USDC Colorado Page 3 of 7
Case 2:13-cv-01326-LDW-GRB Document 15 Filed 04/24/13 Page 3 of 7 PageID #: 62
Case 2:13-cv-01326-LDW-GRB Document 7-1 Filed 04/05/13 Page 3 of 7 PageID #: 24

describing all assets. All persons and entities having control, custody or possession of any assets or property of ELK are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, managers, management companies, principals, directors, agents, employees, shareholders, creditors, debtors, and investors of ELK, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution to ELK shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if ELK had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of ELK, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

3

Case 1:13-mc-00058-NONE Document 1 Filed 05/01/13 USDC Colorado Page 4 of 7
Case 2:13-cv-01326-LDW-GRB Document 15 Filed 04/24/13 Page 4 of 7 PageID #: 63
Case 2:13-cv-01326-LDW-GRB Document 7-1 Filed 04/05/13 Page 4 of 7 PageID #: 25

6. ELK's past and/or present officers, managers, management companies, directors, principals, agents, attorneys, shareholders, employees, accountants, debtors, creditors, and any other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to ELK. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) ELK, (ii) any assets of ELK, (iii) the Receiver for ELK or (iv) ELK's present or past officers, directors, managers, or principals to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with ELK, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) ELK, (ii) any assets of ELK, (iii) the Receiver for ELK or (iv) ELK's present or past officers, directors, managers, or principals to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with ELK, are stayed in

4

Case 1:13-mc-00058-NONE Document 1 Filed 05/01/13 USDC Colorado Page 5 of 7
Case 2:13-cv-01326-LDW-GRB Document 15 Filed 04/24/13 Page 5 of 7 PageID #: 64
Case 2:13-cv-01326-LDW-GRB Document 7-1 Filed 04/05/13 Page 5 of 7 PageID #: 26

their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of ELK against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. ELK and its past and/or present officers, directors, managers, management companies, principals, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of ELK to the detriment of ELK or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

11. The Receiver is authorized to borrow on behalf of ELK, from the SBA, up to $1,000,000 and is authorized to cause ELK to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of ELK, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred.

12. The United States Small Business Administration is further entitled to a judgment against ELK in the total sum of $21,175,000.00 as of October 26, 2012, plus accrued interest

Case 1:13-mc-00058-NONE   Document 1   Filed 05/01/13   USDC Colorado   Page 6 of 7
Case 2:13-cv-01326-LDW-GRB   Document 15   Filed 04/24/13   Page 6 of 7 PageID #: 65
Case 2:13-cv-01326-LDW-GRB   Document 7-1   Filed 04/05/13   Page 6 of 7 PageID #: 27

through the date of entry of this Order (as reduced by previous principal and interest payments received by SBA), plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

13. This Court determines and adjudicates that ELK has violated the Act and the Regulations as alleged in the Complaint filed against ELK in the instant action, and that SBA is entitled to the relief requested in its complaint.

Case 1:13-mc-00058-NONE   Document 1   Filed 05/01/13   USDC Colorado   Page 7 of 7
Case 2:13-cv-01326-LDW-GRB   Document 15   Filed 04/24/13   Page 7 of 7 PageID #: 66
Case 2:13-cv-01326-LDW-GRB   Document 7-1   Filed 04/05/13   Page 7 of 7 PageID #: 28

Acknowledged and agreed to by ELK Associates Funding Corp. and the U.S. Small Business Administration, through their respective duly authorized representatives:

ELK Associates Funding Corp.

By: _____
Michael Feinsod, CEO

U.S. Small Business Administration

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

SO ORDERED, this 24th day of April, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

7